Statement of the case.

## The H. R. E., B. & B. Association v. N. Cochran.

### (Case No. 4805.)

1. STATUTES CONSTRUED.— Construing articles 3122a and 3122b with title LVIII of the Revised Statutes, it is apparent that the legislature intended to limit the operation of the landlord's lien to a yearly renting.

2. SAME.— The provision of the statute which continues the landlord's lien in fo..ce so long as the tenant shall occupy the rented premises applies only when the lien has attached to the property of the tenant by reason of rents due, or such as are accruing and will certainly become due under the particular tenancy. It does not fix the lien on the tenant's property for any rents that may possibly become due for another term or tenancy, whether such term be created by contract or holding over.

3. CASE DISTINGUISHED.— This case distinguished from Fowler v. Ripley, 15 Wallace, 328, and Webb v. Sharp, 13 Wallace, 14.

4. MORTGAGE — LANDLORD'S LIEN.— When a tenant from month to month mortgages personal property to another, and the rent due his landlord for the month in which the mortgage is executed has been paid, and the property remains upon the premises by permission of the mortgagee from month to month, the lien of the landlord is subordinate to that of the mortgage.

APPEAL from Waller. Tried below before the Hon. Wm. H. Burkhart.

This was a proceeding under the statute for the trial of the right to two billiard tables valued at $550. The case was tried below upon the following agreed statement:

"The Hempstead Real Estate, Building & Banking Association            Nos. 398, 399.
                    vs.                                              In District Court.
            N. Cochran.

"In these cases it is agreed that the two cases may be consolidated, and tried as one case upon the following agreed statement:

"The plaintiff had rented to J. W. Ellison a store-house in Hempstead, at a monthly rental of $50, to be paid monthly in advance on or before the 1st day of each month. There was never any definite agreement as to the length of time the renting was to continue.

"Under this agreement, Ellison has been occupying the house since 1877, and had during all this time, among other articles of furniture in the house, the two billiard tables and fixtures involved in these cases, that is, up to the time of the levy by the sheriff.

"On the 4th day of September, 1879, Ellison executed to N. Cochran and K. Collins a mortgage with power of sale upon these two billiard tables and fixtures, which was duly recorded, on the 25th of September, 1879, in Waller county, Texas, and was to secure $500 due February 1, 1880.

" Ellison continued to occupy the house, and on the 20th day of November, 1880, there being due the rent for September and October, 1880, $100, plaintiffs instituted suit in justice's court and sued out a distress warrant, which was on said 20th November, 1880, by the sheriff of Waller county, levied upon the two billiard tables in suit, with fixtures, etc., which were then in said rented house. On November 30, 1880, plaintiff had judgment against Ellison for the amount sued for and foreclosure of his lien on the billiard tables, etc., with order of sale, etc. On December 1, 1880, plaintiff instituted suit in said justice's court against Ellison for the rent for month of November, 1881, $50. Distress warrant issued same day and levied December 2d on the same property, viz., the two billiard tables, which the sheriff held under the former levy. On December 27, 1880, plaintiff had judgment against Ellison for the amount of his debt and foreclosure of the lien on the property, with order of sale, etc. On the 7th day of January, 1881, orders of sale issued upon each of said judgments, and thereunder the property was advertised for sale, but further proceedings were prevented by the claim of the defendant N. Cochran, who claimed the property and filed his claimant's bond and affidavit, when the property was delivered up to him by the sheriff.

" Defendant N. Cochran claimed the property by purchase under the mortgage with power of sale executed to himself and K. Collins, September 4, 1879.

" On the 11th day of November, 1880, the debt for which said mortgage was executed being due and unpaid, Cochran and Collins, as provided in said mortgage, took possession of said billiard tables, etc., but did not remove them from the rented house, but left them just as they were, in the possession and control of Ellison, under an agreement with him that he was to hold them for Cochran and Collins until the sale. Cochran and Collins at once advertised the property for sale, as provided in said mortgage, on the 22d day of November, 1880, and on the 29th day they were regularly sold under said mortgage, sale having been postponed to that day, N. Cochran, the defendant herein, becoming the purchaser, the proceeds of the sale of all the property included in the mortgage not satisfying the mortgage debt.

" It is agreed that the sale under the mortgage was regularly and properly made, and that the levy of the distress warrant was regularly and properly made, and that the only issue in these cases is as to the priority of the liens of the mortgage or of the landlord for rent upon the property in question, under the foregoing facts. If the

mortgage lien is superior, the defendant is entitled to judgment; otherwise the plaintiffs are entitled to judgment.   It is further agreed that there was on the premises no property out of which the rent could be made except that covered by Cochran and Collins' mortgage.

"The case is to be tried upon the claimant's bonds, and this agreed statement, the claimant's bonds being referred to for the amounts, etc., of plaintiff's judgment against Ellison and for the value of the property claimed.

> "A. J. Harvey and C. T. Booth,
>      "Att'ys for Def't N. Cochran.
> "T. S. Reese,
>      "For H. R. E. & B. Association."

The case was tried before the court without a jury, and judgment rendered for appellee.

The only assignment of error was as follows:   "The court erred in rendering judgment for appellee and against appellant, and in ruling that the lien of appellant as landlord was subordinate to the lien of the mortgage under which appellee purchased the property."

No briefs on file for appellant.

*A. J. Harvey*, for appellee.

WATTS, J. COM. APP.— But one question is presented by the record for determination, and that is as to the superiority of the two conflicting liens under which the parties are respectively asserting a claim to the property in controversy.   The claim of the appellant is based upon the statutory lien secured to the landlord upon the property of his tenant for rents due and to become due, while the appellee's right is dependent upon a mortgage.   This mortgage was executed and duly recorded in Waller county, September, 1879.   The rents for which the distress was had accrued for the months of September, October and November, 1880.

From the agreed statement it appears that Ellison's tenancy was from month to month.   That is, there was no stipulation as to the time he was to occupy the house, but there was a stipulation for a monthly rental, which was required to be paid the first day of the month.   Under such circumstances the tenancy is from month to month.   Wood's Landlord and Tenant, pp. 18, 90.

The proposition asserted by appellant is this: that without regard to the terms of the tenancy the statutory lien took effect upon the

property brought upon the premises by the tenant at any time during his occupancy, to secure any rent that might accrue during such occupancy, and that this lien was superior to any mortgage given upon such property while it was upon the rented premises; that this is true notwithstanding all rents accruing prior, and for one year subsequent to, the execution of the mortgage, had been paid by the tenant.

This is claimed to result from the language and spirit of article 3122a of the Revised Statutes, which is as follows: "All persons leasing or renting any residence or store-house or other building shall have a preference lien upon all the property of the tenant in said residence or store-house or other building for the payment of the rents due, and that may become due, and such lien shall continue and be in force so long as the tenant shall occupy the rented premises, and for one month thereafter," etc.

It will be observed that articles 3122a and 3122b of the Revised Statutes are legislative additions to title LVIII, which regulates rural or farm renting. An examination of its provisions clearly indicates the intention to limit the operation of the lien to a yearly renting. That is, the legislature did not intend to extend the lien, in its operation, beyond a leasing by the year. The latter clause of art. 3122b is as follows: "The object of this and the preceding article being to extend the operation of such law so as to include and protect liens on residences and store-houses and other buildings occupied or used by tenants, and conferring on the owners thereof the same rights and privileges as are now conferred by law on other landlords."

In the case of Green v. Bear Bros. & Hirsch, decided at the late Tyler term, the lease was for a term of three years, the rent to become due and payable monthly on the first day of each subsequent month. After about eight months of the term had expired certain attachments were sued out against the tenants, on debts contracted in the purchase of merchandise made by the tenants. These writs were levied upon the property of the tenants then on the rented premises. At that time one month's rent was due and another accruing, and the landlord instituted proceedings by distress for the rent due and accruing, and also for all the prospective rent that might by possibility become due under the contract, claiming a preference lien upon the property of the tenants on the rented premises to secure the same. In a contest between the landlord and these attaching creditors it was held that the lien given by the statute was for rents due and accruing, that is, such as would certainly

become due under the contract, and that the landlord in that case had a preference lien upon the property to secure the payment of the rents then due and for the month then accruing, but not for the rents of the unexpired term, which might never become due. It was also held that the lien given by statute in the renting of residences and other houses occupied the same position as the lien given in farm renting, and that neither extended beyond the end of the year. That under a contract like that then before the court the tenant might at any time abandon, and that the landlord could not maintain an action for specific performance, nor to recover the unaccrued rents, but that his remedy would be an action for damages.

At the time the mortgage in this case was executed and recorded there was no rent due, and all rent thereafter accruing for twelve months was paid as it became due. There was then no charge or lien upon the property, for there was no rent due or accruing, or such as would become due under this monthly tenancy, but that was paid as it became due. Therefore no basis existed upon which to predicate any claim of a lien upon the property in favor of the landlord when the mortgage was executed.

That provision of the statute, to the effect that the lien shall continue and be in force so long as the tenant shall occupy the rented premises, prescribes the rule only where the lien has attached to the property of the tenant, by reason of rents due or such as are accruing, and will certainly become due, under the particular tenancy. It does not impose a charge in advance upon the property of the tenant for any rents that might by possibility become due for another term or tenancy, whether such term be created by contract or by the tenant's holding over.

In this respect our statute is unlike the act of congress regulating this matter in the District of Columbia, under which the cases of Fowler v. Raply, 15 Wall., 328; Webb v. Sharp, 13 Wall., 14; and Beall v. White, 4 Otto, 382, were decided. That statute provides that the lien will " *commence with the tenancy* and continue for three months after the rent is due," etc. 14 U. S. Statutes at Large, p. 404, sec. 2.

In this case, at the time the mortgage was executed, the rent for the then existing term, to wit, the month of September, 1879, had been paid in full. The tenant then, so far as the landlord was concerned, held the property free from any charge and unincumbered by any lien. He could have then removed it from the rented premises, disposed of it by sale, or incumbered at will.

It would seem that, under these circumstances, the mortgage

under which appellee claims occupies the same position precisely, with respect to the asserted landlord's lien, as if the mortgage had been executed before the property had been brought upon the rented premises. In the latter case, certainly, it will not be contended that the statutory lien arising on account of rents accruing more than twelve months thereafter would take precedence of such mortgage. See Kennedy v. Davis & Bro., decided by the commission and reported in vol. 3, p. 503, Texas Law Journal.

True, there is a class of statutory liens that are given precedence over existing mortgages, such as the lien given for repairing vessels, or to an agister for keeping and feeding cattle. Provost v. Wilcox, 17 Ohio, 359; Case v. Allen, 21 Kans., 217. This is upon the principle that the mortgagee is as much benefited by the repairs of the vessel, or the feeding of the cattle, as is the mortgagor. Another good reason for the rule is, that the mortgagor being left in possession, has the implied authority to incur upon the faith of the property whatever expense is necessary in its preservation. Jones on Chattel Mortgages, 474.

No such reason exists in this case. The mortgagee is in no respect benefited by the acts out of which the landlord's lien has its origin, nor is the property preserved or enhanced in value by reason thereof.

The conclusion reached by us is, that the right of the purchaser under the mortgage is superior to that asserted under the landlord's lien, and that the judgment ought to be affirmed.

AFFIRMED.[1]

[Opinion adopted March 25, 1884.]

---

[1] Hon. R. S. WALKER, presiding justice of the Commissioners of Appeals, did not concur in the opinion.