## J. R. COUTS v. H. W. SPIVEY ET AL.

### (Case No. 5776.)

1. LANDLORD'S LIEN—ARTICLE 3122*a*, REVISED STATUTES, CONSTRUED—C. rented a storehouse to B., and B. sub-let the premises to H.; H. gave his notes to B. for the rent, and B. transferred them to C. *Held*, Under art 3122*a*, R. S., there would be no landlord's lien if H.'s tenancy was from month to month, and the notes were for rent for months after the termination of the tenancy. In such case, the notes would not be for rent *due or to become due*. (Assn *v.* Cochran, 60 Tex., 620.)

2. SAME—EVIDENCE—See opinion for evidence held insufficient to establish a landlord's lien.

APPEAL from Parker. Tried below before the Hon. R. E. Beckham.

On May 14, 1883, the First National Bank of Weatherford issued and had levied an attachment on the property of Horn & Smith, saloon men, in Weatherford, Texas, which was the prior levy on the goods. On August 7, 1885, the bank recovered judgment for $614.06, and the lien was ordered enforced. The property had been sold by order of court, and the proceeds, $578.66, were in the clerk's hands. On May 14, 1883, appellant, Couts, caused to be issued and levied a distress warrant on part of the goods in the saloon of Horn & Smith; Horn was his sub-tenant, Couts having leased the premises to Harry Brown, and Brown to Horn.

Horn had given his notes for rent to Brown, and Brown had transferred them to appellant. On August 5, 1884, judgment was given in favor of Couts against Horn and Brown, for $547.70, that being the amount due on the notes, and the clerk was ordered to pay that amount out of the proceeds of the sale in his hands. On August 4, 1885, Couts moved that the clerk, H. W. Spivey, be compelled to pay over the amount of his judgment; the bank, at the request of the clerk, came in and asserted its claim. On hearing this motion, the court adjudged the lien of the bank superior to that of appellant.

*Jasper N. Haney*, for appellant.

*B. G. Bidwell*, for appellees, cited: 44 Tex., 412; 61 Tex., 584; 1 W. & W., sec. 607; 2 W. & W., sec. 79.

BOBERTSON, ASSOCIATE JUSTICE.—The First National Bank, by the prior levy of its writ of attachment, acquired the right to have its judgment first satisfied out of the proceeds of sale of the attached property, unless appellant had a landlord's lien upon the property before the writ of attachment was levied. The bank was not a party

to appellant's suit against Horn and Brown, and the judgment in that case does not, as against the bank, establish the lien foreclosed in appellant's favor. It was proved that the notes sued upon by appellant were given by Horn to Brown for rent of the building occupied by Horn, or by Horn & Smith. Horn testified that he supposed Brown owned the building. It was, in fact, owned by appellant, and the notes were in his hands. But there is no proof whatever of the terms of the lease contract between Brown and appellant, or of the contract between Brown and Horn, except that Horn gave to Brown a lot of notes for rent, five of which were recovered upon by appellant against Brown and Horn. Whether these notes were secured by a landlord's lien, under the statute, depends necessarily upon the contracts between the several parties interested. There would be no lien if Horn's tenancy was from month to month, and the notes in appellant's suit were for rent for months after the termination of the tenancy. In such case the notes would not be for rent *due or to become due.* Association *v.* Cochran, 60 Tex., 620.

The appellant did not by proof establish a prior lien upon the property. The property, the proceeds of which were in suit, was levied upon in the bank's case as the property of Horn & Smith. The appellant's writ was against Horn alone. There was no proof by appellant, who occupied in the proceeding below the position of plaintiff, of the ownership of the property, or that Horn had more than a nominal interest in it.

Considering all the evidence tending to support the appellant's case, and none on the other side, the judgment rendered is the only one that could be sustained. The other questions raised by the assignments need not, therefore, be considered. The judgment is affirmed.

AFFIRMED.

[Opinion delivered May 18, 1886.]