E. W. RUSH v. HENDLEY & RAMSEUR.

(No. 3026.)

APPEAL from Lamar County.    Opinion by WHITE, P. J.

BURDETT & CONNOR, counsel for appellant.

T. S. HILL, counsel for appellee.

§ **200.** *Landlord and tenant; landlord's lien; improvements, etc., on land not subject to, when; case stated.* On July 1, 1887, one Johnston rented from appellant, Rush, a lot of ground containing about two acres, situated within the corporate limits of the city of Paris, designated as a "park," which park was inclosed by a fence, but had no other improvements of any kind in or upon it save a pavilion. Johnston rented it for the purpose of making and using it as a pleasure resort. Subsequently Johnston erected in said park a shooting gallery, skating gallery, swing, etc., and placed benches in the grounds for the accommodation of pleasure seekers and visitors. About the middle of August, 1887, Johnston executed and delivered to appellees, Henley and Ramseur, a chattel mortgage upon the property,

comprising all these improvements which he had thus erected and placed in said park, and this mortgage was filed and duly recorded in the county clerk's office on the 18th day of August, 1887. In a short time thereafter, before the mortgage matured, Johnston notified Henley and Ramseur that he was unable to pay them, and he turned over to them and notified them to take said property into their possession. Appellee Henley and Johnston both testify to this sale and delivery. There was no actual manual delivery. The mortgage was, however, itself self-acting, and under its provisions a complete sale and delivery are provided in case of a default in the payment of the debt thereby secured. A few days after this sale to appellees Johnston closed the park and left the county. Rush, appellant, took possession of the park and all the property and improvements placed in it as aforesaid by Johnston, claiming to hold a landlord's lien on the property for the rent which Johnston owed him, and none of which had been paid. Henley and Ramseur brought this suit in justice's court to recover of Rush damages for a conversion of said property, and, having recovered judgment in said justice's court for $126.50, Rush appealed to the county court, where, upon a trial, judgment was again rendered against him for $120.96, from which judgment he prosecutes this appeal.

Appellant claims that the court erred in that, while he finds as a matter of fact that Johnston had placed the improvements or articles upon his premises before the mortgage to appellees was executed, still, as matter of law, appellant did not have a landlord's lien on said articles. In support of this position, appellant's counsel, in his brief, cites R. S., arts. 3107, 3122a, and Roseberg v. Shaper, 51 Tex. 134. The lien given by article 3107 does not apply, because it is limited to advances, etc., furnished by the landlord. [Association v. Cochran, 60 Tex. 620.] Article 3122a is limited to "any residence

or store-house or other building." Roseberg v. Shaper, supra, holds that the acts concerning rents and advances of 4th April, 1874 (article 3107), gives a lien to landlords in towns and cities upon goods, wares and merchandise in the rented premises to secure rents that may become due. In this case we are of the opinion that neither the statutes nor the decision cited apply here. It was not the pavilion on the lot which was rented to Johnston; it was simply an inclosed, unoccupied lot of land, with only the pavilion and native trees upon it. It cannot be claimed in this case that the improvements afterwards placed in the lot by Johnston were rented of Rush, and that his statutory lien was thereby acquired, and especially such articles as were placed in and used by Johnston in connection with the pavilion. The court did find that the shooting gallery and some benches used in connection with the pavilion were subject to the landlord's lien. In this we are not prepared to say that the court erred. We are of opinion that essential justice between the parties has been attained by the judgment as rendered, and, no reversible error having been made to appear, the judgment is

January 17, 1891.                   Affirmed.