## M. E. BRACKENRIDGE V. W. Y. MILLAN.

### No. 7829.

**Landlord's Lien — Case Adhered to (60 Texas, 620). —** A tenant from month to month at the day of making the lease executed a mortgage upon the implements, etc., constituting a soda fountain. The tenant paid rent for several months. Upon suit to foreclose the mortgage the landlord intervened. *Held*, that the mortgage was superior to the landlord's lien.

APPEAL from Travis. Tried below before Hon. Wm. M. Key. The opinion states the case.

*Peeler & Peeler*, for appellant, cited Acts Twenty-first Legislature, chapter 15, page 11.

*David H. Hewlett*, for appellee.

STAYTON, CHIEF JUSTICE.—This action was brought by appellee against B. S. Alford to recover the sum due on two promissory notes executed by the latter to the former on May 13, 1889, and to foreclose a chattel mortgage of same date executed to secure payment of the notes. On the same day the notes sued on were executed Alford rented a store room from Mrs. Brackenridge, for no definite period, but at a rental of $30 per month, to be paid at the beginning of each month, and this he continued to occupy until June 27, 1890, at which time he

had paid all rent falling due to October 13, 1889. The property mortgaged to Millan consisted of such articles as are commonly used by persons who conduct a soda fountain or like business, and were used and situated in the rented premises. Mrs. Brackenridge intervened in the suit, and claiming a superior lien on the mortgaged property, sought a judgment for the sum due her and to enforce her lien against her tenant as well as against the claim of plaintiff; but the court below held the lien of plaintiff to be the superior lien, and the only question on this appeal involves the correctness of that ruling.

The question involved in this case was decided adversely to appellant in case of Building Association v. Cochran, 60 Texas, 620, on a state of facts essentially the same as in this case. The correctness of the decison in that case has never been doubted, though some expressions in the opinion may have been criticised when it was cited to support a holding that a landlord who had leased for a definite period did not have a lien to secure rents for the full term.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered May 8, 1891.