OAKES et al. v. FREEMAN. (No. 1820.)

(Court of Civil Appeals of Texas. Texarkana. May 9, 1918. Rehearing Denied May 30, 1918.)

1. CHATTEL MORTGAGES ⊕⟺138(3)—PRIORITY.

A chattel mortgage executed and filed before the making of a lease contract is a prior lien over one contained in the lease contract.

2. CHATTEL MORTGAGES ⊕⟺86 — FILING — REASONABLE TIME.

Where a chattel mortgage was executed in the afternoon and filed at 9 o'clock the next morning, a finding that it was filed within a reasonable time was justified.

3. APPEAL AND ERROR ⊕⟺181—MATTERS REVIEWABLE—WAIVING OBJECTIONS.

An assignment of error as to a matter to which no complaint was made in the trial court cannot be considered.

Appeal from District Court, McLennan County; H. M. Rickey, Judge.

Action between C. H. Oakes and others and J. A. Freeman. Judgment in favor of the latter, and the former appeal. Affirmed.

Scott & Ross, of Waco, for appellants. Sam E. Stratton, of Waco, for appellee.

LEVY, J. The appeal is to determine the priority of liens on certain chattels. On September 12, 1913, and in the afternoon thereof, M. Hays executed a chattel mortgage on certain horses and buggies to secure payment of his note of even date for the sum of $1,000 due December 12, 1913, with interest, payable to the order of appellee, J. A. Freeman. It was agreed in the case that the mortgage was left with and filed in the office of the county clerk at 9 o'clock a. m., September 13, 1913, as shown by the clerk's file mark placed thereon at such date, "and that said

original mortgage had remained on file since said September 13, 1913." The note is unsatisfied. On January 16, 1914, M. Hays leased from the appellant C. H. Oakes his livery stable building until November 1, 1915, for $125 a month payable monthly. M. Hays failed to make payment of the rent for the months of May, June, July, and August, 1915, and this amount of rent is unpaid.

[1, 2] The trial court decreed a priority to the mortgage lien. It is believed that the trial court did not err, for the mortgage lien was acquired prior to the making of the lease contract. Brackenridge v. Millan, 81 Tex. 17, 16 S. W. 555. And the judgment of the trial court involves the finding of fact, having evidence to support such finding, that the mortgage was filed in the county clerk's office within a reasonable time. Baker v. Smelser, 88 Tex. 26, 29 S. W. 377, 33 L. R. A. 163.

[3] The appellee objects to the consideration of the third assignment of error, upon the ground that no complaint was made in the trial court as to any ruling or action of the court; and it is believed that the objection should be sustained. But, even if we should consider the assignment, no reversible error would appear from the record.

Affirmed.