## TRAIL et al. v. MAPHIS & DAY.

### No. 7404.

Court of Civil Appeals of Texas. Austin.

Jan. 8, 1930.

Rehearing Denied in Part and in Part Granted

Feb. 12, 1930.

Ross Huffmaster, of Kaufman, for plaintiff in error.

G. O. Crisp, of Kaufman, for defendants in error.

BLAIR, J,

The parties are designated appellant and appellee. Appellee, as landlord, caused a distress warrant for rents to issue against appellant, Trail, and Grady Emerson, and levied upon certain cold drink furniture and fixtures belonging to Emerson, and located in a building which appellee had rented to him. The property was left in the possession of appellant, Trail, upon his executing a replevy bond with J. A. Graves and Ross Huffmaster as sureties. The distress warrant was returned to the county court because of the amount involved. Appellee then filed a petition, seeking to recover $285 for rents, alleged to be due from June 1, 1927, to June 1, 1928, against both appellant, Trail, and Grady Emerson, and to foreclose a landlord's lien on the property replevied, and also seeking judgment against Trail and his sureties on the replevy bond. Emerson filed no answer, but appellant, Trail, among other things, answered that he held a valid chattel mortgage on the property replevied, which was prior and superior to any lien claimed by appellee.

A trial to the court without a jury resulted in judgment for appellee against both appellant, Trail, and Emerson for $285, with legal interest, and against appellant, Trail,

628

and his sureties on the replevy bond, conditioned so as to authorize redelivery of the replevied property; hence this appeal by Trail alone.

■ We sustain appellant's contention that the undisputed evidence shows his chattel mortgage on the property in question to be prior and superior to the lien asserted by the landlord. The mortgage and the note for $3,300 which it secured were dated January 1, 1927, and the mortgage was filed for record January 6, 1927. Appellee's petition alleged that the rental contract of Emerson began June 1, 1927, and that the rents sued for accrued between that date and June 1, 1928. The following is the only evidence in support of that pleading: .

"Plaintiff E. M. Day testified that he is one of the plaintiffs in this suit. That he bought out Mr. Tappan and Mr. Tappan transferred to him a contract that Tappan had with Mrs. Taylor who owned the building where the property in controversy was located. Said property was then in said building. This was during the year 1927. Sometime thereafter witness made a verbal contract with Grady Emerson to reduce rent on half of said building to forty dollars per month."

Since the undisputed evidence shows that, at the time the mortgage was executed, the rental contract sued upon had not been made and was not made for some months thereafter, it follows as a matter of law that the mortgage lien took precedence over the landlord's lien. We therefore reverse the judgment of the trial court, and here render judgment for appellant, Trail, and the sureties on his replevy bond, and that appellee take nothing by its suit against them, and for all costs of suit. H. R. E., B. & B. Association v. Cochran, 60 Tex. 620; Brackenridge v. Millan, 81 Tex. 17, 16 S. W. 555; American Type Founders' Co. v. Nichols, 110 Tex. 4, 214 S. W. 301.

Reversed and rendered.

### On Motion for Rehearing.

■ On motion for rehearing, appellee points out that in a supplemental finding of fact the trial court found that appellant had waived his mortgage lien in favor of appellee's landlord lien. We find such supplemental finding of fact amongst the papers of the case, but it has never been officially filed, nor has there been any motion made requesting this court to consider such finding. It seems to bear date of the date this case was submitted on oral argument at Dallas. There is nothing in the record to indicate how the supplemental finding came to be amongst the papers. However, appellant attacks this finding only on the ground that there is no pleading by appellee to support a judgment rendered on the basis of waiver. We find this to be true; and, of course the judgment must be reversed under the well-settled rule that a judgment not based upon sufficient pleadings or not in accordance with and supported by pleadings is fundamentally erroneous. Largent v. Ethridge (Tex. Civ. App.) 13 S.W.(2d) 974; Hines v. Walker (Tex. Civ. App.) 225 S. W. 837 (writ of error refused); 3 Tex. Jur. § 584. But, since this matter has been called to our attention, we think the case should be reversed and remanded instead of reversed and rendered as formerly, in accordance with the rule announced in Camden Fire Ins. Co. v. Yarbrough (Tex. Com. App.) 215 S. W. 842, 844, as follows:

"Where, upon reversal of a case, it seems probable that the ends of justice may be better subserved by remanding than by rendering judgment, the former course should be pursued, notwithstanding it is apparent that a full consideration of the case necessitates that the pleadings be amended. Buzard v. Bank, 67 Tex. 83, 2 S. W. 54, 60 Am. Rep. 7."

■ Since we are reversing and remanding the case for another trial, we overrule appellant's plea in abatement that the sole and exclusive jurisdiction of the matters and things in controversy here were being administered in the federal court at Dallas, sitting in bankruptcy matters, the defendant Grady Emerson having been adjudged and declared to be a bankrupt by said court. The state court having obtained personal jurisdiction over all claimants to the property in controversy, and the federal court not having issued an order restraining the court from further proceeding in the case, the state court could proceed to judgment. City Nat. Bank v. Lummus Cotton Gin Sales Co. (Tex. Civ. App.) 297 S. W. 563.

The motion is granted in part, and in part overruled, in accordance with this opinion.

Motion granted in part, and in part overruled.