WHIPPLE N. POTTER *vs.* MARY P. SPILMAN & another.

Suffolk.    March 17. — 22, 1875.    AMES & ENDICOTT, JJ., absent.

The plaintiff took out a non-forfeitable policy of life insurance, under seal, and in which he was named as the covenantee, upon his own life, payable to A. The policy required the payment of five yearly premiums only, which, so far as due, were paid by the plaintiff, whose only object in taking out the policy was to make a gift to A., for whom he was under no obligation to provide. The plaintiff, at the time of taking out the policy, was told that he could, without A.'s consent, change it at any time to any one he chose, which he believed. The policy was retained by the plaintiff, and A. knew nothing of the transaction until informed afterwards by the plaintiff, when she refused to assign it to him. *Held*, that a bill in equity brought against A. and the insurance company, to compel A. to assign the policy to the plaintiff, could not be maintained.

BILL IN EQUITY, filed March 18, 1874, against Mary P. Spilman and the Provident Life & Trust Company, to compel the first named defendant, the plaintiff's sister, to assign to him, or to give her written assent for the transfer of, a policy of life insurance under seal, whereby the defendant company insured the life of the plaintiff in the sum of $3000, and agreed with the insured,

his executors, administrators and assigns, to pay the sum insured to the defendant Spilman, her executors, &c. The bill also prayed that the defendant company, on receiving the old policy, should be ordered to issue a new policy to the plaintiff, payable to him, his executors, &c. The case was heard before *Colt*, J., who reserved it for the consideration of the full court upon a report in substance as follows:

The case was heard upon the pleadings and proofs. In January, 1870, the plaintiff obtained a policy of insurance upon his life in the defendant company, payable to the defendant Spilman. The policy was non-forfeitable, and required the payment of five yearly premiums only. The first yearly premium was paid by the plaintiff when the policy was taken out, and the other yearly premiums were all paid by the plaintiff, except the last, which has not yet become payable. No part of the premium was paid by Spilman. She was not a creditor of the plaintiff, or dependent on him for support or a member of his family. The plaintiff's only purpose at the time was to make a gift to her in this form. The plaintiff was told when he took out the policy, by the person through whose agency it was obtained, that he could, without the consent of the person to whom it was made payable, change it any time so as to make it payable to himself or to any one else, and he believed he could do so. Spilman then knew nothing of the transaction. The plaintiff retained possession of the policy, and still has it. It was never delivered or shown to her. But within a month or two the plaintiff told her he had got his life insured for her benefit, and that he wanted her to take the good of it.

In the summer following the plaintiff desired to make the policy payable to himself and his legal representatives, and applied to the agent of the company, who then first informed him that Spilman's consent was necessary, and presented the proper form of assent to be signed by her, but she refused; and this suit is brought to compel her to assign her interest in the same to the plaintiff.

If upon these facts the plaintiff is entitled to an assignment or to the written consent asked for, or to any other relief prayed for, it is to be so decreed; if not, the bill is to be dismissed.

*W. A. Field & E. O. Shepard*, for the plaintiff, argued that the plaintiff had not absolutely given up his dominion over the policy, and never intended to do so.

*G. A. Somerby*, for the defendant Spilman.

BY THE COURT. The question argued by the counsel is but a moot point. Upon the facts in the report, the payee of the policy, whatever her rights therein may be, is under no obligation, by law or contract, to assign the policy to the plaintiff, nor the insurance company to assent to any assignment thereof.

*Bill dismissed, with costs.*