67　300
81　141

## No. 2283.

## John M. Key *v.* Lena Brown.

Sale of Chattels—Contract.—An instrument was executed by the owner
of goods which on its face purported to "bargain, sell and confirm" the
property to another, who paid therefor eight hundred dollars cash, exe-
cuted a note for deferred payment and went into possession. It recited
that the instrument should remain in full force and effect if the balance
of the purchase money was paid; if not paid, then the maker of the instru-
ment reserved the right to repossess himself of the goods and dispose of
the same, and "then the above conveyance shall be henceforth null and
void." *Held:*

　(1) The title passed, to be divested by the seller by sale in the event of
non-payment of the note.

　(2) If such an instrument is not recorded, the seller can assert no right
to the goods, as against a creditor of the vendee who has seized the same
under legal process.

Appeal from Washington. Tried below before the Hon. I. B.
McFarland.

*Garrett, Searcy & Bryan,* for appellant: On their proposition
that the title to the property sold by Braun to Biesenbach passed
to Biesenbach, and Braun had only a lien on the property to
secure his debt; hence, Braun not being in possession of the
property, and the instrument not having been registered as a
chattel mortgage, could not support his claims and was void as
to creditors without notice, cited National Bank v. Lovenberg,
63 Texas, 506; City National Bank v. Tufts, Id., 113; Sinker,
Davis & Co. v. Comparet, 62 Texas, 470; Hoffman v. Blume, 64
Texas, 334.

*C. R. Breedlove,* for appellant: On his proposition that the sale
of the property in controversy by Emil Braun to Louisa Biesen-
bach was executory and conditional only, and that as the property
was never paid for the title never passed out of Emil Braun, and
the property was not therefore subject to the levy as made by
appellant, cited Sinker, Davis & Company v. Comparet et al., 62
Texas, 470; Texas Law Review, volume 4, page 155; Sacra v.
Sample, Texas Law Journal, volume 5, page 1; City National
Bank v. Tufts, 63 Texas, 113; Willson's Civil Cases, volume 2,

pages 1, 2, section 17; Willson's Civil Cases, sections 152, 154 and 294; Ketchum v. Brennan, 53 Mississippi, 596.

STAYTON, ASSOCIATE JUSTICE.  L. and A. Biesenbach, being indebted to the appellant for rent, the latter sued out a distress warrant on October, 1883, which was levied on the property in controversy.

After the levy, Emil Braun made claim to the property, under the statute, and on account of the disqualification of the county judge the proceeding to try the right of the claimant was transferred to the district court, when, Braun having died, the matter was prosecuted to judgment by the appellee, who was appointed administratrix.

The property had formerly belonged to Emil Braun, who, prior to the levy, executed to one of the defendants in the action for rent the following instrument:

"THE STATE OF TEXAS, ⎰
  "COUNTY OF COMAL.  ⎱

"Know all men by these presents, that I, Emil Braun, of the county and State aforesaid, in consideration of the payment to ment to me by Mrs. Louisa Biesenbach, wife of August Biesenbach, of the county of Washington, State of Texas, of the money hereinafter mentioned, and in consideration of the sum of one dollar, to me duly paid by the said Louisa Biesenbach, the receipt of which is hereby acknowledged, do bargain, sell and confirm unto the said Mrs. Louisa Biesenbach all the stock, goods, household furniture and all other goods and chattels whatsoever mentioned in the schedule annexed hereto, and which are now in the Central House in the town of Brenham, said Washington county.  Now the above and foregoing conveyance is made upon the express condition that if the said Mrs. Louisa Biesenbach shall well and truly pay or cause to be paid unto the said Emil Braun, his executors, administrator or assigns the sum of twelve hundred dollars with interest thereon from the date hereof at the rate of eight per cent per annum on or before the expiration of twelve months from the date hereof, then this conveyance shall be and remain in full force and effect, but in case default shall be made in the payment of the said sum of money, or of any part thereof, then it shall and may be lawful, and the said Emil Braun hereby expressly reserves the right and privilege to enter into said Central House and such

other place or places as the said goods and chattels are or may be placed and take and carry away the same, and sell and dispose of the same as to him the said Emil Braun may seem most fit and proper, and then the above conveyance shall be from that time and henceforth null and void and of no force, virtue or effect whatever. In testimony whereof I have this day signed this instrument in duplicate this thirteenth day of July, 1883.

"EMIL BRAUN."

The entire purchase money was two thousand dollars, of which eight hundred was paid in cash, after which Biesenbach and wife went into possession. The judge, who tried the cause, held that title did not pass by the instrument above copied, and rendered a judgment for the claimant, and upon the correctness of this construction depends the right of the parties.

The instrument upon its face professes to "bargain, sell, and confirm" the property to Louisa Biesenbach, and, unless the other language used in the instrument restrains the operation of the words above quoted, it must be held that title passed by it. That the vendor intended to reserve some character of right is apparent from the language used, and the inquiry is, what right did he reserve? Did he retain the title in himself or did he only retain a lien?

He in effect declared that the conveyance should remain in full force and effect if the balance of the purchase money was paid when due; by which we may understand that, in the event named, the purchaser should hold the property freed from any claim whatever, which the vendor, under all the terms of the instrument, would have upon it, if the balance of the purchase money was not paid. The instrument does not declare that the conveyance shall cease to be operative if the balance of the purchase money be not paid when due; but it places it in the power of the vendor to enforce the payment of the purchase money.

The instrument does not empower the vendor to retake and hold in his own right the property in any event; but it does empower him if the purchase money be not paid, to take possession of it " and sell and dispose of the same as to him, the said Emil Braun, may seem most proper, and *then* the above conveyance shall be *from that time* and henceforth null and void and of no force, virtue and effect whatever."

The manifest purpose of these clauses was to retain an express

lien with power to sell the property and pay the debt if the pur-chaser made default. They recognize the fact that the title had been conveyed by the preceding part of the instrument, and, in effect, declare that it shall so remain unless divested by a sale which the instrument authorized the vendor to make. The title was to be divested just as may be the title of every person who has given a lien on property coupled with a power to sell it; and, as if to emphasize the fact that title was intended to pass, and did pass, by the instrument, the event is named and the time fixed, which, in all such cases, will divest a conveyance of power longer to give title.

The instrument never having been recorded or filed, as chattel mortgages are required to be, the appellee can assert no right against the creditor of the vendee.

The judgment will be reversed and cause remanded, with in-structions to the district court to enter judgment for the appel-lant in accordance with this opinion and the statute regulating such cases, and for all costs in the case.

It is so ordered.

*Reversed and remanded.*

Opinion delivered February 1, 1887.