John P. Vickers v. J. B. Carnahan and W. J. Carnahan.

No. 818.

1. **Registration of Chattel Mortgage — Removal of Property Without Permission of Mortgagee.**—Article 4341 of the Revised Statutes, providing that where mortgaged personal property is removed to another county the mortgage must be recorded in such other county within four months after such removal, does not apply where the removal is without the permission of the mortgagor, and in such case record in the other county is not required.

2. **Same — Filing for Record Forthwith.** — Although the statute requires a chattel mortgage to be filed for record "forthwith," yet its filing at any time is valid against all persons whose rights attach after the filing.

3. **Bona Fide Purchase — Pleading.**—One who seeks to establish the defense of a bona fide purchase must plead as well as prove such purchase.

Appeal from the County Court of Parker.    Tried below before Hon. I. N. Roach.

*Martin & Littleton*, for appellant. — The law does not require any one to follow property within four months, and register the mortgage in the county to which the property is taken, but makes it a valid, subsisting lien if deposited and filed with the clerk in the county where the mort-

gagee lived at the time of its execution.   Sayles' Civ. Stats., art. 3190b; Brothers v. Mundell, 60 Texas, 246.

*E. P. Nicholson* and *R. J. McKenzie*, for appellees.—1.  " Forthwith " in the statute signifies " as soon as, by reasonable exertion, it may be accomplished."   Freiberg v. Brunswick, 16 S. W. Rep., 784.

2.  A chattel mortgage not filed as required by law is void as to a creditor or purchaser.   Overstreet v. Manning, 67 Texas, 657; Keller v. Smalley, 63 Texas, 512.

TARLTON, CHIEF JUSTICE.—Appellant, on May —, 1891, brought this suit in a Justice Court in Parker County, to recover from appellees the possession of a certain Scott hay press or its value, $200.

Appellant's claim rests upon a chattel mortgage executed in his favor by one J. R. Brown.

Appellees, on appeal to the County Court of Parker County, prevailed, on the ground that they had purchased the press from Brown, for value and without notice of the mortgage.

August 13, 1890, the plaintiff and appellant sold to J. R. Brown the hay press in question for the sum of $280, in consideration of which Brown at the time executed his note, secured by the chattel mortgage above referred to.   Both Vickers and Brown were then residents of Johnson County, and Vickers continued to reside there.   The appellees were residents of Parker County, about three miles from the line of Johnson County.

In September or October, 1890, Brown, without the knowledge or consent of the mortgagee, Vickers, removed the hay press into Parker County. It does not appear whether or not he changed his residence to Parker County, nor whether or not, after its removal to Parker County, the press was kept continuously there, or carried to and from Parker County to Johnson, according to the requirements of the business (that of baling hay) for which it was used.

On November 25, 1890, Vickers, the mortgagee, caused the mortgage to be registered in the office of the county clerk of Johnson County, and on April 7, 1891, he caused it to be similarly registered in Parker County.

About December 25, 1890, Brown moved the press to the premises of the appellees, in Parker County.   After there using it for a few days, he sold it to the appellees for the sum of $157.25, its fair and reasonable value.

Appellees purchased in good faith, believing that Brown was the owner, and having no actual knowledge of the plaintiff's mortgage.

*Opinion.*—The trial court, upon the foregoing facts, concluded, that in the absence of actual notice of the mortgage on the part of the defend-

ants, the plaintiff had lost his lien; that it was the duty of the plaintiff, even if the mortgage was properly recorded in Johnson County, to follow the property on its removal to Parker County, and there to register the mortgage within four months from the date of removal.

In reaching this conclusion, the court applied the provisions of article 4341 of our Revised Statutes.

By the terms of this article, which was in force before the adoption of the Act of 1879 (article 3190b, Sayles' Statutes), with reference to chattel mortgages, it was provided, that if after the registration of a mortgage upon personalty in the county where it was situate, the mortgagee " shall permit any other person in whose possession such property may be, to remove with the same out of the county in which the same shall be recorded, and shall not, within four months after such removal, cause the same to be recorded in the county to which such property shall be removed, such mortgage, for so long as it shall not be recorded in such last mentioned county, and for so much of the property aforesaid as shall have been removed, shall be void as to all creditors and purchasers thereof for valuable consideration without notice."

It has been held by our Court of Appeals (correctly, we think), that the foregoing article has not been repealed by the chattel mortgage act of 1879, in so far as there may be question of the removal of the mortgaged property with the permission of the mortgagee. Reed v. Spikes, 15 S. W. Rep., 122.

The provisions of this article will not, however, be extended beyond its terms, and be made to apply to a case like the present, where it affirmatively appears that the removal of the mortgaged property was without the consent of the mortgagee.

The rights of the parties should, therefore, have been determined under the provisions of article 3190b, the chattel mortgage act referred to.

We deem it proper to insert sections 1 and 6 of that act, as follows:

" 1. Every chattel mortgage  *  *  *  upon personal property which shall not be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the property mortgaged *  *  *  shall be absolutely void as against the creditors of the mortgagor,  *  *  *  and as against subsequent purchasers and mortgagees or lien holders in good faith, unless such instrument, or a true copy thereof, shall be forthwith deposited with and filed in the office of the county clerk of the county where the property shall then be situated; or if the mortgagor or person making the same be a resident of this State, then of the county of which he shall at the time be a resident."

" 6. The person making any such instrument shall not remove the property pledged from the county, nor otherwise sell or dispose of the same, without the consent of the mortgagee; and in case of any violation of the provision of this section, the mortgagee shall be entitled to the

possession of the property, and to have the same then sold for the payment of his debt, whether the same has become due or not."

If at the time of the sale by Brown to the appellees, the mortgage was properly on the registry of Johnson County, it was not necessary, in order to affect appellees with notice, to have it again registered in Parker County, whither the hay press had been carried without the knowledge or consent of the mortgagee. Griffith v. Morrison, 58 Texas, 46. 46

We therefore consider whether, at the date of appellees' purchase from Brown, about December 25, 1890, the mortgage was duly recorded in Johnson County.

To this due registration two conditions are requisite: (1) the instrument must have been deposited and filed within the proper time, and (2) at the proper place.

1. It is contended, that the mortgage having been executed August 30, 1890, must have been "forthwith" registered, in order to serve as constructive notice to appellees, who purchased for value and without actual notice.

We do not approve this contention, provided the mortgage was otherwise properly registered at the date of appellees' purchase. The mere omission to deposit and file the instrument " forthwith " will not impair the effect of the registration as to persons acquiring rights in the mortgaged property at a date subsequent to the registration.

The Supreme Court of Ohio, construing a statute similar in its provisions to our chattel mortgage act, uses the following language: " Until placed in the proper office, a mortgage of chattels, in our State, would be void as against other creditors of the mortgagor and subsequent purchasers and mortgagees *whose rights then attach*. But when filed with the clerk or recorder, the instrument becomes valid and effective against all men except those whose rights have thus previously attached." Wilson v. Leslie, 20 Ohio, 166. This view, adopted by the Supreme Court of Kansas (McVeigh v. English, 30 Kansas, 368), and evidently approved by the Supreme Court of the United States (Gibson v. Warden, 14 Wallace, 244), is regarded by us as sound.

2. We therefore consider whether this instrument was registered *at the proper place*. To be thus registered, it is necessary that it should have been "deposited with and filed in the office of the county clerk of the county of which" Brown, the mortgagor, was *at the time* (of the registration) a resident. The facts herein do not disclose whether Brown was a resident of Johnson or of Parker County when this instrument was deposited in Johnson County. The evidence on the trial below was not developed with reference to a solution of this question of fact. The case was, on the contrary, disposed of on what we adjudge to be an erroneous theory. For these reasons, we are not disposed to apply the presumption of fact that Brown's residence having been shown to be in Johnson

County when the mortgage was executed, must be held to have there continued.    2 Whart. on Ev., sec. 1285.    It appears that before the registry of the mortgage in Johnson County he was in Parker County, using the hay press.    The question of his residence was left in doubt.

We therefore conclude that a proper disposition of this cause is to remand it for a new trial, to be had according to the views here announced.

The condition of the record indicates the pertinency of the additional suggestion, that the appellees, to establish their defense of a bona fide purchase, must not only prove such a purchase, but must plead it.

*Reversed and remanded.*

Delivered October 4, 1893.