Liquid Carbonic Acid Manufacturing Company v.
J. F. Lewis et al.

Decided May 20, 1903.

**Chattel Mortgage—Registration—Landlord's Lien.**

The landlord's lien attaches to property of the tenant on the rented premises over the claim of a vendor of such property who took a chattel mortgage on it for the purchase money but filed same, not "forthwith" as required by the statute, but after a delay of seven days.

Appeal from the County Court of Milam. Tried below before Hon. R. B. Pool.

*Clement & Garner,* for appellant.

*Wallace & Morrison,* for appellees.

FISHER, Chief Justice.—Under the authority of Security Company v. Panhandle National Bank, 93 Texas, 575, the trial judge erred

32 Civil—31.

in reaching the conclusion that it was necessary for the appellant to show that it had a permit to do business in Texas before it could maintain this suit; but however, upon the main question involved in the case, the judgment must be affirmed.

It may be conceded that the superior title to the property in question was in the appellant before the mortgages set out in the findings of fact were executed, but there was a delay upon the part of the appellant in forthwith having its mortgage recorded, so as to give it the standing of a prior lien over the rights of the appellee as a landlord. Upon this subject, we regard the case of Austin v. Welch, 6 Texas Ct. Rep., 960, as decisive of the question. It is there held that the landlord is a creditor within the meaning of the statute, and that his landlord's lien will prevail over a mortgage executed by the tenant upon the property on which the landlord would have a lien, where the mortgagee does not forthwith, as the statute requires, file for record his mortgage.

We are of the opinion a proper predicate was laid for the admission of evidence of the contents of the lease executed by Woody to Lewis.

The judgment is affirmed.

*Affirmed.*