### TRIPLITT et al. v. STONE.

(Court of Civil Appeals of Texas. Austin. Feb. 28, 1912. Rehearing Denied March 27, 1912.)

CHATTEL MORTGAGES (§ 217*) — EFFECT OF REMOVAL.

Where a chattel mortgage is recorded as required by statute in the county where the chattels are situated, their subsequent removal from that county without the consent of the mortgagee does not invalidate the mortgage.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 221, 466; Dec. Dig. § 217.*]

Appeal from Brown County Court; A. M. Brumfield, Judge.

Action by J. T. Triplitt and another against James K. Stone. From a judgment on a verdict for defendant, plaintiffs appeal. Affirmed.

Harrison & Wayman, of Brownwood, for appellants. T. C. Wilkinson, of Brownwood, for appellee.

KEY, C. J. J. T. and J. W. Triplitt, composing the firm of J. T. Triplitt & Son, brought this suit against Jas. K. Stone upon a promissory note for $250. In his answer the defendant averred that the note was executed in part payment for a span of mules purchased by him from the plaintiffs; that the plaintiffs warranted the title to the mules; that a former owner of them had executed a mortgage upon them for $1,000; and that he had paid to the mortgagee $300 to secure the release of the mules from the mortgage. He also alleged that he had paid the plaintiffs $40 in addition to executing the note sued on, as consideration for the mules, and asked for judgment against the plaintiffs for that amount. There was a jury trial, which resulted in a judgment against the plaintiffs as to their alleged claim, and a judgment for the defendant against the plaintiffs for $40 upon his cross-action, which, however, was remitted in the court below.

The proof showed that one Levi McCollum sold the mules to W. D. Hudgins on the 26th day of December, 1905, and that on that day Hudgins executed a mortgage upon the mules to McCollum to secure the payment of a note for $1,000; that at that time the mules were situated in Eastland county, and that the mortgage referred to was recorded in Eastland county on the 8th day of January, 1906. At the time the mortgage was executed and recorded Hudgins resided in Brown county, but had a stable at Rising Star, in Eastland county, where he was engaged in the business of buying and selling horses and mules. No witness testified that the mules were actually in Eastland county on the 8th day of January, 1906, the day the mortgage was filed and recorded, but the court submitted that question to the jury, and the defendant submitted testimony which supports the verdict, finding that the mules were situated in Eastland county at that time, and that finding justified the further finding that the plaintiffs were not entitled to recover.

Appellant assigns error upon the action of the court in refusing a requested instruction purporting to give a definition of the word "situated," as applied to this case. We think the charge referred to was properly refused, among other reasons, because it ignored the fact that Hudgins, although residing in Brown county, was engaged in business at Rising Star, in Eastland county. The statute requires a chattel mortgage to be recorded in the county where the property is situated; and in this case the property in question was situated in Eastland county at the time the mortgage was executed, and, if it was thereafter removed to Brown county, the undisputed testimony shows that such removal was without the consent of McCollum, the mortgagee, and therefore we hold that the mortgage was valid at the time the defendant paid McCollum $300 in order to secure the release of the mules therefrom, and therefore the plaintiffs were not entitled to recover upon the note sued on.

It is also contended in appellants' brief that the testimony was insufficient to show that they sold the mules to the defendant; the contention being that the defendant bought them from Hudgins, and by agreement of all parties made the note given in part payment for them payable to appellants. The defendant and his wife testified to facts which justified the jury in finding that appellants bought the mules from Hudgins, and sold them to the defendants.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.