BRINBERRY et al. v. WHITE. (No. 7128.)

(Court of Civil Appeals of Texas. Dallas. April 25, 1914. Rehearing Denied May 23, 1914.)

1. CHATTEL MORTGAGES (§ 144*)—RECORDING—PRIORITIES.

The purchaser of mules executed his note and mortgage therefor, and the mules were delivered to him in E. county, where the seller resided, and where the purchaser then represented that he lived, though in fact he lived in N. county, which the seller did not discover until four or five months thereafter, when he recorded the mortgage in N. county. The purchaser did not carry the mules to N. county on the day of sale. Held, that when the mortgage was executed the mules were in E. county, and hence that the mortgage, duly recorded there, was prior to mortgages subsequently executed and recorded in N. county; that it was afterwards recorded in N. county being immaterial, since its record there was not necessary to preserve the lien.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 241; Dec. Dig. § 144.*]

2. CHATTEL MORTGAGES (§ 150*)—RECORD—TIME.

The mere omission to deposit and file a chattel mortgage "forthwith," as required by the statute, will not impair the effect of the record as to persons acquiring the rights in the mortgaged property at a date subsequent to the record.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 246–252; Dec. Dig. § 150.*]

Appeal from Ellis County Court; J. C. Lumpkins, Judge.

Action by R. B. White against A. J. Brinberry, one Anderson, the Corsicana National Bank, and others. Judgment for plaintiff, and Anderson and the Bank appeal. Affirmed.

Richard Mays, of Corsicana, for appellants. John H. Sharp, of Ennis, for appellee.

RAINEY, C. J. This suit was brought by appellee against appellants to recover on a note for $400, and to foreclose a mortgage on two mules for which the note was given. Appellants, Anderson and Corsicana National Bank, were made parties; they claiming a superior lien on the mules. A trial resulted in a judgment for appellee for the amount of his note, and for a foreclosure of his mortgage, from which judgment Anderson and the bank appeal.

Trial was had before the court without a jury and the court found the following facts, which we conclude are supported by the evidence, to wit:

"(1) I find that on September 8, 1910, A. J. Brinberry bought two mules, in Ennis, Ellis county, Tex., from Farris & Atwood, who were then selling mules at Ennis, in Ellis county, Tex., and that for the consideration of said two mules the said A. J. Brinberry executed and delivered his promissory note of that date, for the sum of $400, payable to Farris & Atwood, or order, on October 1, 1911, with interest thereon from date at the rate of 10 per cent. per annum, and 10 per cent. for attorney's fees, in the event said note was not paid at maturity and it was placed in the hands of an attorney for collection, or suit is brought on same, or if collected through the probate court; that said note was payable at the Ennis National Bank, Ennis, Tex.

"(2) That at the time said A. J. Brinberry executed and delivered unto Farris & Atwood said note aforesaid he also executed and delivered unto Farris & Atwood his chattel mortgage of the same date, giving them, among other things, a mortgage upon the following described property: '1 black horse mule, 5 years old, 16 hands high, no brand. 1 black horse mule, 3 years old, 15½ hands high, no brand. 1 black horse ten (10) years old 14½ hands high, scar on right hind leg. The entire cotton crop to be grown by A. J. Brinberry during the year 1911, consisting of 40 acres of cotton and —— acres of corn, on Anderson lease farm, being —— acres out of original grant or survey, Ellis county, about 5 miles east of Ennis.' That the said chattel mortgage was executed by A. J. Brinberry in the city of Ennis, Ellis county, Tex., and was given for the purchase money of the two mules above described, bought by him from Farris & Atwood; and said mortgage recites, among other things, that the said A. J. Brinberry was of Ellis county, Tex., and that he would keep safely all the property upon said premises, unless same be removed with the consent of Farris & Atwood.

"(3) I find that said chattel mortgage given by the said A. J. Brinberry to Farris & Atwood was recorded in the county clerk's office of Ellis county on September 16, 1910; that a certified copy of the chattel mortgage given by the said A. J. Brinberry to Farris & Atwood was recorded in the county clerk's office of Navarro county on March 18, 1911, in volume 83, page 172, Chattel Mortgage Records of Navarro county, Tex.; that said chattel mortgage was filed in volume 53, page 86, Chattel Mortgage Records of Ellis county, Tex.

"(4) I find that on the 12th day of March, 1909, A. J. Brinberry executed and delivered his chattel mortgage to Farris & Atwood to secure the payment of a certain note executed by him at that time, and in that mortgage he recites that he was of Ellis county, Tex., and gave a lien on his crop of cotton to be grown that year on the Lambert farm, in Ellis county, Tex., about eight miles southeast from Ennis,

and gave his post office address as Ennis, R. F. D. No. 5.

"(5) That on November 27, 1909, said A. J. Brinberry executed and delivered his chattel mortgage of that date to Farris & Atwood to secure the payment of a certain note of that date, and recited in that mortgage that he was of Ellis county, and gave a lien on his cotton crop to be grown by him during the year 1910 on the Weems farm, in Ellis county, Tex., and gave his post office address as being Ennis, R. F. D. No. 5.

"(6) I find that the mules above described, at the time they were purchased by A. J. Brinberry from Farris & Atwood, were located in Ennis, Ellis county, Tex.; that A. J. Brinberry stated to E. K. Atwood, at the time he bought them, that he lived in Ellis county and was going to move in a few days to the Anderson lease in Ellis county; that at that time Farris & Atwood thought he was living in Ellis county, and recorded the chattel mortgage in the county clerk's office for Ellis county; that within a week or ten days after Farris & Atwood had learned that A. J. Brinberry was not living on the Anderson lease in Ellis county, but was in fact living in Navarro county, they had a certified copy of the chattel mortgage given by him for said mules recorded in the county clerk's office of Navarro county.

"(7) I further find that Farris & Atwood did not know that A. J. Brinberry was living in Navarro county, or that the mules were in Navarro county, after they had sold and delivered same to A. J. Brinberry, until about a week or ten days before they filed a certified copy of the chattel mortgage given by him to Farris & Atwood, which was filed in Navarro county on March 18, 1911, and that they filed a certified copy of their chattel mortgage within less than four months after they discovered that A. J. Brinberry had removed the two mules from Ellis to Navarro county, nor did they consent to their removal from Ellis county.

"(8) I further find that Farris & Atwood indorsed said note aforesaid, and sold and delivered same to R. B. White, plaintiff in this cause, for a valuable consideration, and that he accepted said note in good faith, and is the legal owner and holder of same, and that Farris & Atwood are liable as indorsers on said note.

"(9) I find that W. D. Farris and E. K. Atwood reside in Ennis, Ellis county, Tex., and resided here at the institution of this suit and for a long time prior thereto, and now reside in Ellis county. I find that A. J. Brinberry has left the country and his whereabouts are unknown. I find that W. J. Anderson and the Corsicana National Bank, defendants herein, reside in Navarro county, Tex.

"(10) I find that after A. J. Brinberry had purchased said mules aforesaid that he leased some land from W. J. Anderson for the year 1911, and started to make a crop thereon, but later sold his crop and mules; that W. J. Anderson now has in his possession said mules aforesaid, and that each of said mules is worth the sum of $200.

"(11) I find that A. J. Brinberry lived in Navarro county during the year 1910, but that Farris & Atwood did not know about it.

"(12) I find that on November 18, 1910, A. J. Brinberry gave Will Goldman a chattel mortgage of that date, to secure the payment of a note of that date, for the sum of $162.25 due October 15, 1911, with interest from date at the rate of 10 per cent. and 10 per cent. additional for attorney's fees; that said note is secured by lien on one 3″ Bois d'arc Bain wagon, complete, one set of harness complete, with 4″ tugs, less the breeching, one Oliver cultivator, and one black horse mule, four years old, and about 16 hands high, no brand; that said mortgage was filed for record with the county clerk of Navarro county, Tex., on November 18,

1910, in volume 80, page 267, Chattel Mortgage Records of Navarro county.

"(13) I find that on the 16th day of April, 1910, A. J. Brinberry executed and delivered his chattel mortgage of that date to Will Goldman, to secure the payment of his note for the sum of $35, payable to J. Goldman, due October 15, 1910, with interest thereon from date at the rate of 10 per cent. per annum and 10 per cent. for attorney's fees, etc., on one Oliver cultivator and three acres of cotton on the Henderson farm; that said mortgage was filed in the county clerk's office of Navarro county on April 16, 1910, in volume 79, page 193, Chattel Mortgage Records of Navarro county.

"(14) I find that on January 3, 1911, A. J. Brinberry executed and delivered his mortgage of that date to the Corsicana National Bank, for the sum of $435, due November 1, 1911, with interest thereon from maturity at the rate of 10 per cent. per annum and 10 per cent. for attorney's fees, and secured by a lien upon the following described property: '1 black horse mule, 5 years old, 15 hands high, no brand. 1 black horse mule, 14½ hands high, 4 years old. 1 black horse, 14 hands high, 10 years old. 1 bay horse, 13½ hands high, 4 years old. 1 3″ Bain wagon, in use three months. 1 buggy. 65 acres of cotton and 10 acres in corn.' That said mortgage was filed in the county clerk's office in Navarro county on January 4, 1911, in volume 81, page 209, Chattel Mortgage Records of Navarro county.

"(15) That on the 15th day of January, 1911, W. A. Johns executed and delivered to the Corsicana National Bank his certain chattel mortgage of that date, to secure the payment of his note of that date for the sum of $181, due October 15, 1911, with interest from maturity at the rate of 10 per cent. per annum and 10 per cent. for attorney's fees, and secured by mortgage lien on the following property: '1 horse mule, brown color, 10 years old, 15 hands high, no marks. 1 brown mare, 8 years old, 14 hands high, no marks. 1 farm wagon, make New Stoughton, 27 acres of cotton, and 15 acres of corn.' Said mortgage filed in the county clerk's office of Navarro county on January 13, 1911, on page 67, in volume 82, Chattel Mortgage Records of Navarro county.

"(16) That on February 14, 1911, W. A. Johns executed and delivered his chattel mortgage of that date to A. J. Brinberry, to secure a note to A. J. Brinberry for the sum of $825, with 10 per cent. interest from maturity and 10 per cent. attorney's fees, etc., and was filed with the county clerk of Navarro county on February 16, 1911, in volume 73, page 47, Chattel Mortgage Records of Navarro county, and a copy of that mortgage is copied in the statement of facts in this cause, and the description of the property embraced within said mortgage is hereby adopted and made a part hereof.

"(17) I find that the Corsicana National Bank owns said notes aforesaid, with the exception of the one held by R. B. White.

"(18) I further find that after the execution and delivery of the note by Brinberry to Farris & Atwood that they transferred the note to Ennis National Bank, indorsing it at the time in their firm name. Said note not having been paid at maturity, the bank charged said note back to the account of Farris & Atwood, and caused the money originally paid by it to them to be refunded.

"(19) That the several notes held by the Corsicana National Bank have heretofore been placed in the hands of an attorney for collection, and the attorney's fees therein provided for have been incurred.

"(20) W. J. Anderson and the Corsicana National Bank lived in Navarro county prior to the institution of this suit, prior to service of process herein, and have not since resided in Ellis county.

"(21) I further find that at the time Farris & Atwood transferred this note to R. B. White

that E. K. Atwood, a member of the firm of Farris & Atwood, owed the said R. B. White the sum of $5,000 and interest thereon, and it was understood between E. K. Atwood, representing Farris & Atwood, and R. B. White, that said note, together with the principal and interest due thereon, would be deducted from the amount due by the said E. K. Atwood to R. B. White when a settlement was made between them concerning their business transactions."

[1] Whether appellee or Anderson and the Corsicana National Bank held the superior mortgage is the main question for solution in this controversy. There is no controversy about Brinberry buying the mules from Farris & Atwood, and executing his note, and giving the mortgage to secure the payment of said note. Nor is there any contention but that said note was transferred to appellee by Farris & Atwood for a valuable consideration; nor that Anderson and the bank held their mortgages without actual notice of appellee's claim. Appellants claim that at the time Brinberry purchased the mules from Farris & Atwood and executed to them the mortgage he lived in Navarro county; that he immediately carried said mules to Navarro county, the county line being about seven miles; and that it cannot be said that the mules were situated in Ellis county, and the recording of said mortgage in Ellis county was of no effect, especially as it was not recorded *forthwith*, as required by the statute, it being executed on the 8th day of September, 1910, and not filed for record until the 16th day of September, 1910.

The evidence shows that at the time Brinberry bought the mules of Farris & Atwood and executed to them his note and mortgage, and the mules were delivered to him, he was in Ennis, Ellis county, where Farris & Atwood resided and were engaged in business. Brinberry at that time represented to them that he lived in Ellis county. Some months prior to this he had some transaction with them, when he lived in Ellis county, and they did not know he had gone to Navarro county, but supposed he still lived in Ellis county at the time he purchased the mules, and did not know of his removal to Navarro county until five or six months after they sold him the mules. While Brinberry at that time resided in Navarro county, it is not shown that the mules were carried to Navarro county on the day of sale, nor at what particular date they were so carried. We therefore conclude that at the time the mortgage was executed by Brinberry the mules were situated in Ellis county in contemplation of the statute, and Ellis county was the proper place for the recording of the mortgage. In the case of County of Allegheny v. Gibson, 90 Pa. 397, 35 Am. Rep. 670, in construing a statute as to the right to recover for property destroyed by a mob in any county where the property is "situated," it was held in effect that, though the property was

in transit, it was situated in Allegheny county, and the county was held liable. The same principle, we think, applies to this case.

[2] There might be some question about whether the mortgage was filed "forthwith" in Ellis county; but we do not think that question arises under the evidence, as the rights of Anderson and the bank arose long after the mortgage was recorded. In Vickers v. Carnahan, 4 Tex. Civ. App. 305, 23 S. W. 338, in discussing this point it is said:

"The mere omission to deposit and file the instrument 'forthwith' will not impair the effect of the registration as to persons acquiring rights in the mortgaged property at a date subsequent to the registration."

The mortgage having been properly recorded in Ellis county, and the holders thereof not having consented to removal of the mules to Navarro county, the recording of said mortgage in said last county becomes immaterial, as its recording there was not necessary to preserve the lien.

The judgment is affirmed.