GUARANTY STATE BANK OF TYLER v. REEVES et al. (No. 2141.)

(Court of Civil Appeals of Texas. Texarkana. June 12, 1919. Rehearing Denied June 19, 1919.)

CHATTEL MORTGAGES ⬤⇒89—REGISTRATION—REMOVAL OF GOODS.

Vernon's Sayles' Ann. Civ. St. 1914, art. 6841, making chattel mortgages void against bona fide creditors, etc., where mortgagee permits property to be removed to another county and fails to record the mortgage there within four months, is inapplicable to property removed without mortgagee's consent but with his knowledge.

Appeal from Smith County Court; W. R. Castle, Judge.

Suit by the Guaranty State Bank of Tyler against Carl V. Reeves and another. Judgment for plaintiff for partial relief, and plaintiff appeals. Judgment affirmed as reformed.

To secure his indebtedness to J. L. Collins due June 8, 1918, F. M. Gillenwater on April 8, 1918, mortgaged an automobile to said Collins. April 13th the mortgage was duly filed for record in Wood county, where the automobile was situated and where Gillenwater resided. April 17th H. E. Bolt (presumably at the instance of Gillenwater) moved the automobile from Wood county to Tyler, in Smith county. Collins did not consent to such removal. On the contrary, he protested against it. Between April 18th and 24th Gillenwater sold the car to Bolt, who at the time had actual as well as constructice notice of the mortgage. About April 29th Bolt delivered the car to Carl V. Reeves, to be repaired in his garage in Tyler. Reeves at the time had no actual notice of the mortgage to Collins. The car was repaired between said April 29th and May 26th. Reeves' charges for the repairs amounted to $193.95. About June 1st Collins, by virtue of the mortgage to him, demanded possession of the car of Reeves, who refused to comply with the de-

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

mand, claiming that the lien he had on the car to secure payment of the sum due him for repairs thereon ·was superior to the lien of Collins' mortgage. August 18th, at Reeves' instance, the car was sold as authorized by the statute (articles 5665–5667, Vernon's Statutes), to satisfy the claim for repairs thereto. Reeves was the purchaser at the sale. This suit was ¸by appellant, the assignee of Collins, against Gillenwater and Reeves. The judgment was in appellant's favor against Gillenwater for the amount he owed Collins, but was against it on its claim for a foreclosure as against Gillenwater and Reeves of the mortgage made by the former to secure his indebtedness to Collins. The refusal of the court to foreclose the mortgage was based on the conclusion he reached that the mortgage was void as to Reeves, because it was not recorded in Smith county within four months of the time when the automobile was removed to that county from Wood county. The conclusion that the mortgage was void was based on the statute (article 6841, Vernon's Statutes) which requires every mortgage of personal property to be recorded "in the clerk's office of the county court of that county in which the property shall remain," and which declares that—

"If afterwards the person claiming title under such" mortgage "shall permit any other person in whose possession such property may be to remove with the same, or any part thereof, out of the county in which same shall be recorded, and shall not within four months after such removal cause the same to be recorded in the county to which such property shall be removed," such mortgage "for so long as it shall not be recorded in such last-mentioned county, and for so much of the property aforesaid as shall have been removed, shall be void as to all creditors and purchasers thereof for valuable consideration without notice."

J. A. Bulloch, of Tyler, for appellant.
Troy Smith, of Tyler, for appellees.

WILLSON, C. J. (after stating the facts as above.) Having found that Collins did not consent to the removal of the automobile from Wood county to Smith county, the court erred when he concluded that the mortgage was void as to Reeves, because it was not recorded in the latter county within four months from the time the car was removed there. It has been repeatedly held that, if mortgaged property is removed without the consent of the mortgagee from the county in which the mortgage was duly registered to another county, the failure to have it registered in the new county within four months from the date of such removal does not invalidate the mortgage. Spikes v. Brown, 49 S. W. 726; Hughes v. Smith, 61 Tex. Civ. App. 443, 129 S. W. 1142; Goggan v. Synnott, 63 Tex. Civ. App. 530, 134 S. W. 1184; Triplett v. Stone, 145 S. W. 660; Brinberry v. White, 167 S. W.

205. In such a case the registration in the original county is notice to persons dealing with the property in any other county in the state, at least during the four months immediately following its removal from such original county. Ames Iron Works v. Chinn, 15 Tex. Civ. App. 88, 38 S. W. 247; Brinberry v. White, 167 S. W. 205. The mortgagee not having consented to the removal, mere knowledge on his part that the property had been moved would not make the authorities cited inapplicable to the case.

The judgment will be so reformed as to foreclose the mortgage in question in favor of appellant against Gillenwater and Reeves, and, as so reformed, it will be affirmed.