**CAVE v. TALLEY CO. et al. (No. 2047.)**

Court of Civil Appeals of Texas. El Paso.
Oct. 6, 1927.

Rehearing Denied Oct. 27, 1927.

1. **Fixtures ☞1—Statute dealing with machinery placed on realty as immovable fixtures has no application to property remaining personal (Rev. St. 1925, art. 5498).**

Rev. St. 1925, art. 5498, which deals with machinery and manufactured articles placed on realty as immovable fixtures so as to. become part of realty and requires mortgage thereof to describe real estate, has no application to property which remains purely personal.

2. **Chattel mortgages ☞138(3)—Machinery being placed in leased building after recordation of mortgages, failure to file them forthwith was unimportant, in considering priority of landlord's lien (Rev. St. 1925, art. 5490).**

Where mortgage of October 15, 1925, was filed for record on October 26, and mortgage of November 20 was filed 5 days after date, since evidence showed machinery covered by mortgages was not placed in leased building until November 29 or 30, failure of mortgagee to file mortgages for record forthwith as provided by Rev. St. 1925, art. 5490, was unimportant, in considering priority of landlord's lien.

3. **Chattel mortgages ☞138(3)—Machinery being placed in building subsequent to filing mortgage, mortgage lien was not subordinate to landlord's lien as not being forthwith filed (Rev. St. 1925, art. 5490).**

Where machinery covered by chattel mortgage was placed in leased building subsequent to filing of chattel mortgage for record, lien thereof did not become subordinate to landlord's lien because mortgage was not forthwith filed, under Rev. St. 1925, art. 5490.

4. **Chattel mortgages ☞138(3)—Clerk's failure to properly record mortgage held chargeable to mortgagee, and not to clerk, as regards priority over landlord's lien (Rev. St. 1925, arts. 5490, 5498).**

Where delivery to clerk of chattel mortgage bearing indorsement, "Liens on machinery situated on realty," was a direction to record it as a mortgage governed by Rev. St. 1925, art. 5498, which requires description of land, and no contrary instructions were given or offered by mortgagee, improper record thereof in book kept for recording chattel mortgage records on realty instead of recording it as a chattel mortgage, under article 5490, was chargeable to mortgagee and not to clerk as regards priority of mortgage over landlord's lien.

5. **Chattel mortgages ☞194—Mortgage without description of land on which chattels were situated, not being filed according to statute, was void as to creditors (Rev. St. 1925, arts. 5490, 5498).**

Where improper record of chattel mortgage containing no description of land on which it was located, as required by Rev. St. 1925, art. 5498, was chargeable to mortgagee and not to

clerk, such mortgage was, under article 5490, void as to creditors.

6. **Chattel mortgages ☞181—Landlord with statutory lien for rent is "creditor," within chattel mortgage statute (Rev. St. 1925, art. 5490).**

A landlord with a statutory lien for rent is a "creditor," within Rev. St. 1925, art. 5490, relating to chattel mortgages.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Creditor.]

**On Motion for Rehearing.**

7. **Payment ☞39(9)—Mortgagee, having applied payments on notes secured by chattel mortgage, could not thereafter change application to prejudice of junior lienholder.**

Mortgagee of machinery, having applied payments made to installments of amounts due at date of payment, could not thereafter change application thus made to prejudice of junior lienholder.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action by J. B. Cave against the Talley Company and others, in which defendants the Huey & Philp Hardware Company and the Murray Company filed cross-actions. From judgments for cross-petitioners, plaintiff appeals. Reversed and rendered.

Whitehurst & Kincaid, of Dallas, for appellant.

Winfrey & Lane, Eckford & McMahon, and Gresham, Willis & Freeman, all of Dallas, for appellees.

HIGGINS, J. On September 30, 1925, the appellant, Cave, plaintiff in the court below, leased to the Talley Company and others not necessary to mention, for a term of years, a house in the city of Dallas at a monthly rental of $200. The lessees defaulted in the payment of rent for the months of January, February, and March, 1926, whereupon the lessor, in accordance with the terms of the lease, resumed possession and relet the same to others for the account of the lessees at $150 per month.

On April 7, 1926, the lessor brought this suit against the lessees to recover the $600 rent in arrears, and the further sum of $600, being the difference between the agreed rent and that for which the house was relet, and the further sum of $260 expense incurred in reletting the premises.

In the petition it was averred that said lessees had placed in the building—

"certain goods, wares, chattels, implements, fixtures, furniture, tools, and other personal property owned by said defendants, all of which property is still in said building leased by plaintiff to said defendants, and the plaintiff has a preferential lien under the terms and provisions of said lease and has a landlord's lien under

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the provisions of the laws of this state, upon all of said property, to secure the payment of all sums due him under said lease contract; that a part of said goods, wares, chattels, implements, fixtures, furniture, tools, and personal property is in boxes, and plaintiff is unable to give an exact and accurate description thereof, but plaintiff alleges, upon information and belief, that said goods, wares, chattels, implements, fixtures, furniture, tools, and other personal property consists of the following:

"1 only 12″ Eaton Cole Burnham belt drive pipe machine.

"1 2″ Murkey (or Murchey) double head bolt and nipple machine.

"1 Ryerson Mathews tube cutting machine and equipment.

"1 4″ Landis internally tripped rotary type all steel pipe and nipple threading die head with right-hand pipe chaser holders. [Here follows a description of other personal property.]"

The Huey & Philp Hardware Company and the Murray Company were joined as parties defendant, it being alleged they were claiming some interest in a part of the property listed above.

Judgment was prayed against the lessees for $1,460, and against all defendants for foreclosure of landlord's lien and contract lien given by the terms of the lease, upon the property listed above.

The Huey & Philp Hardware Company, hereinafter referred to as the Huey Company, answered by general denial and cross-action, setting up the following facts:

On November 20, 1925, it sold to the Talley Company 1 only 12-inch Eaton Cole Burnham belt drive pipe machine "for the agreed price of $1,000, plus $343.50 freight, and in part consideration therefor the Talley Company executed its note for $1,000, dated November 20, 1925, payable in 7 installments. This note recited that it was given for the purchase price of said machine, which machine was to remain personal property, and the title thereto should remain in the Huey Company until the note was paid. On October 15, 1925, it sold to the Talley Company—

"1 2″ Murkey double head bolt and nipple machine, and 1 4″ Landis single head bolt and nipple machine, for an agreed purchase price of $1,210, plus the freight on said machine from point of manufacture to Dallas, Tex., amounting to $308.77. That this defendant has delivered said Murkey machine to the Talley Company, but has not delivered said Landis machine to said defendant on account of said defendant's failure to comply with the terms of its purchase, but that this defendant has, ever since, to wit, said 15th day of October, 1925, had said Landis machine in its possession ready for delivery to defendant, and has frequently offered to deliver said machine if defendant would make the payments specified, and has demanded payment of said sums, which defendant has refused to pay."

In part consideration for such machines the Talley Company executed its note dated October 15, 1925, for $1,210, payable in 4

298 S.W.—58

installments. This note provided that the title to said machines should remain in the Huey Company until the note was paid, and the machine should be personal property. This cross-action also set up an open account against the Talley Company in the sum of $83.69 for merchandise sold and delivered. It was also averred that the Huey Company had a chattel mortgage against the machines duly recorded. The cross-action prayed judgment for its debt and foreclosure of its lien superior to the lien of the plaintiff.

The Murray Company answered by general denial, and for cross-action set up the following facts:

The execution and delivery to the Murray Company by the Talley Company of 5 notes dated October 29, 1925, aggregating $1,000, the payment of which was secured by chattel mortgage of the same date executed by the Talley Company upon "1 Ryerson Mathews tube cutting machine and equipment complete, 1 4″ Landis internally tripped rotary type all steel pipe and nipple, threading die head with right-hand pipe chaser holders," and personal property. Said mortgage also secured any then existing or future indebtedness and was filed with the county clerk. An account amounting to $81.40 for merchandise sold and delivered and freight charges paid was also set up. The cross-action sought recovery of the amount due the Murray Company and foreclosure of its mortgage as a prior lien. To the cross-actions of the Huey Company and the Murray Company the plaintiff replied by separate supplemental petitions, the contents of which need not be stated. Suffice it to say, they did not in any wise change the nature of the cause of action asserted in the original petition.

In response to a peremptory instruction verdict was returned and judgment rendered as follows: In favor of the Murray Company against the Talley Company for $1,528.35, with foreclosure of lien against the property upon which it sought foreclosure; in favor of the Huey Company against the Talley Company for $1,157.26, with foreclosure of lien on 1 12-inch Eaton Cole Burnham belt drive pipe machine; also, for $1,302.87, with foreclosure of lien upon 1 2-inch Murkey double head bolt and nipple machine, also for $83.69; in favor of the plaintiff against the lessees for $1,460, with foreclosure of its landlord and contract lien upon the property described in its petition. The foreclosure feature of the judgment awarded priority to the liens asserted by the Huey and Murray Companies. The plaintiff, Cave, appeals. The main question presented relates to the correctness of the judgment awarding priority of liens as above stated.

Much of appellant's brief is devoted to an effort to show that the property upon which the Huey and Murray Companies were awarded priority of liens was attached to the

premises as immovable and permanent fixtures, thereby becoming a part of the realty, and that said companies lost their liens, because, among other reasons, their mortgages were insufficient in failing to contain a description of the real estate upon which the property was to be located, as required by article 5498, R. S.

[1] The pleadings present no issue as to whether or not the machinery became a part of the realty. All of the discussion by appellant upon this issue is foreign to this case. Appellant has brought a suit against the lessees and the other defendants to recover the debt due by the lessees, asserting that he has a statutory landlord and contract lien upon certain personal property in the leased building, which lien he sought to establish and foreclose against all defendants. He asserted in his petition that it was personal property placed in the building by the lessees and owned by them. The suit presented no issue as to the title to the property, nor whether it was personal or real property. If it was attached to the premises so as to become a part of the realty, plaintiff became the owner thereof and not a lienholder. He could not have a lien upon his own property. Article 5498, R. S., deals with machinery and manufactured articles placed upon realty as immovable fixtures so as to become a part of the realty, and it has no application to property which remains purely personal.

The plaintiff, by the allegations of his petition and the nature of the cause of action asserted by him, has treated the machinery placed in the building as personal property, subject to the liens claimed by him. Therefore the registration statute governing the rights of the parties as to the priority of their respective liens is article 5490, R. S., relating to chattel mortgages. What is said above disposes of all propositions relating to that phase of the case.

[2] The controversy between the plaintiff and the Huey Company will be first considered.

This appellee's mortgage dated October 15, 1925, was filed for record on the 26th of that month, the one dated November 20th was filed 5 days after its date. They were duly recorded as provided by article 5490, R. S.

It is asserted these mortgages were not filed "forthwith" as the statute requires. However, the evidence shows that the machinery covered by these mortgages was not placed in the leased building until the 29th or 30th of November, 1925. The plaintiff's lien did not attach until the machines were placed in the building, and, the mortgages having been theretofore filed, the plaintiff's lien attached subject to the then recorded instruments, and the failure to file forthwith is unimportant. Vickers v. Carnahan, 4 Tex. Civ. App. 305, 23 S. W. 338; Stewart, etc., Co. v. Miller, etc., Co. (Tex. Civ. App.) 144

S. W. 343; Brinberry v. White (Tex. Civ. App.) 167 S. W. 205; Brackenridge v. Millan, 81 Tex. 17, 16 S. W. 555; Hempstead Real Estate, Building & Banking Ass'n v. Cochran, 60 Tex. 620; Meachem v. O'Keefe (Tex. Civ. App.) 198 S. W. 1000; Burgher & Co. v. Barry (Tex. Civ. App.) 211 S. W. 457; Berkey & Gay Furn. Co. v. Sherman Hotel Co., 81 Tex. 135, 16 S. W. 807.

The undisputed evidence shows that on October 12, 1925, $400 was paid by the Talley Company on the note for $1,210, and was by the payee applied to the payment of the $400 installment due on that date. This is the note secured by the mortgage on the 1 2-inch Murkey and 1 4-inch Landis machines. The evidence also shows that upon the $1,000 note secured by mortgage upon the Eaton Cole Burnham belt drive pipe machine a payment of $340 was made November 20, 1925, and by the payee applied to the payment of the installment for that amount due on that date.

Notwithstanding these payments and application thereof, the verdict and judgment in accordance with the peremptory charge was for the face of the notes and foreclosure of lien. Evidently the payments were treated by the court as applicable to the payment of the freight charges, but the evidence does not admit of such application.

The judgment in favor of the Huey Company will be corrected by reducing the amount of its recovery upon its notes and lien to the extent of these payments and increasing correspondingly the amount of its unsecured recovery.

The ruling upon evidence made the basis of the last four propositions in appellant's brief presents no error and becomes unimportant to appellant by the correction in the judgment above indicated.

[3] We pass now to the disposition of the appeal as between appellant and the Murray Company.

The machinery of this company was placed in appellant's building subsequent to the filing of its mortgage for record. There is, therefore, no merit in the assertion that this company's lien became subordinate to the plaintiff's lien because the mortgage was not "forthwith" filed.

[4] This company's mortgage was recorded by the clerk in the book kept for recording "chattel mortgage records on realty." It contained no description of the land upon which it was to be located, as required by article 5498, R. S. The mortgage, for want of such description, was insufficient, under said article, to protect its superiority over the intervening lien of the plaintiff. This appellee does not so contend, but asserts that it deposited and filed its mortgage for record with the clerk, and that the failure of the latter to properly record the instrument does not prejudice its rights.

This position would be sound if the default was properly chargeable to the clerk, but such is not the case. The company offered no evidence of any instruction to the clerk when the instrument was filed. No explanation from any source is given of the record being made as stated. However, the back of the mortgage bears this indorsement, "Liens on machinery situated on realty." Article 5498, R. S.; requires such indorsement to be made on mortgages covering personal property to be placed upon realty. This statutory indorsement was evidently intended for the guidance of the clerk in recording such instruments in the proper record. The delivery to the clerk by this appellee of its mortgage bearing this indorsement was a direction to record the same as a mortgage governed by article 5498, and, no contrary instruction being given or explanation offered by the Murray Company, the improper record must be charged to that company and not to the clerk.

[5] This being the case, the mortgage was not deposited with and filed in the office of the clerk "in the manner and for the purposes prescribed by our statute," and was void as to creditors. Article 5490, R. S.; Brothers v. Mundell, 60 Tex. 240; Tips v. Gay (Tex. Civ. App.) 146 S. W. 306.

[6] It is well settled that a landlord with the statutory lien is a creditor, within the purview of article 5490, R. S. Berkey & Gay Furniture Co. v. Sherman Hotel Co., 81 Tex. 135, 16 S. W. 807; Key v. Brown, 67 Tex. 300, 3 S. W. 443; Ingram v. Lattimore (Tex. Civ. App.) 210 S. W. 298; Bowen v. Wagon Works, 91 Tex. 385, 43 S. W. 872; Low v. Troy Laundry Co. (Tex. Civ. App.) 160 S. W. 136; Austin v. Welch, 31 Tex. Civ. App. 526, 72 S. W. 881; Liquid Carbonic Acid Mfg. Co. v. Lewis, 32 Tex. Civ. App. 481, 75 S. W. 47.

Appellant, therefore, to the extent of $1,200 of its debt, with interest, has a lien prior to that of the Murray Company, and the judgment will be corrected so as to award such priority. This ruling renders unimportant appellant's propositions numbered 28 and 29.

Reversed and rendered in accordance with this opinion, costs of appeal being taxed equally against the Huey and Murray Companies.

Reversed and rendered.

### On Motion for Rehearing.

[7] Counsel for the Huey Company seem to misunderstand the ruling with respect to the application of the payments made to that company. They assert there is nothing to show such company intended to waive its lien for the purchase price to the extent of such payments. No ruling with respect to waiver was made.

The evidence shows that when the payments were made they were applied by the Huey Company upon the notes as stated in the main opinion. This being true, the Huey Company could not thereafter change the application thus made to the prejudice of a junior lien upon the machines. 21 R. C. L. 93, and note in 96 Am. St. Rep. 76.

The question is not one of waiver, but of application of payment and right to change an application once made to the prejudice of an interested third person without the latter's consent. The authorities sustain the view that this cannot be done.

This is the only matter in any of the motions for rehearing which calls for comment.

All motions for rehearing are overruled.