## CONCORDIA FIRE INS. CO. OF MILWAUKEE v. McCARTY MOTOR CO. et al.

### No. 3695.

Court of Civil Appeals of Texas. Amarillo.

Dec. 9, 1931.

Rehearing Denied Jan. 20, 1932.

James O. Cade, of Amarillo, for appellant.

Cooper & Lumpkin, of Amarillo, for appellee McCarty Motor Co.

Morgan, Culton, Morgan & Britain, of Amarillo, for appellee Mrs. B. Fisher.

RANDOLPH, J.

This suit was filed by the insurance company against the McCarty Motor Company and Mrs. B. Fisher, as defendants, to recover the amount of $382.50, being the amount of the insurance on a car which it is alleged was collected from the plaintiff by the McCarty Motor Company, as the owner of said car, when in truth Mrs. Fisher was the owner of same. Judgment for defendants, and the plaintiff appeals.

The facts established by the evidence are uncontroverted, and the court's conclusions only are held by us to be wrong upon the facts.

While McCarty, the president of the McCarty Motor Company, testified that the car upon which the insurance was paid was burned while in the possession of Mrs. Fisher, and that she had possession of it, having taken it out of the company garage to demonstrate it, he further testified that he did not have anything to do with the deal whereby Mrs. Fisher took the Buick car out of the shop; that he knew nothing of the deal, except that she was figuring on buying a secondhand car, and was considering buying the Buick that she took out, or an Auburn or some other car.

Mrs. Fisher testified that she contemplated purchasing a secondhand car from the McCarty Motor Company, and had paid them $200 on a car, and left with them her old Studebaker car, which they were to allow as a credit upon the purchase of another car; that she took out the Buick car, and, before the five days allowed her to return it was up, it was burned in the fire which destroyed the garage in which she had placed it, and

---

---

---

at that time she had not fully decided to take the Buick car.

It is apparent from the evidence that, at the time she took the Buick car with the option to return it, the consideration had been fully paid to the McCarty Motor Company. She further testified that, in the event she kept the car for more than five days, it would have constituted a purchase.

Jim Cannon, the salesman who made the trade with Mrs. Fisher, acting for the McCarty Motor Company, testified, in part: "If Mrs. Fisher did not want the car, she could have returned it in five days. Mrs. Fisher had paid the McCarty Motor Co. $200.00 in cash on a car and left her old Studebaker with the McCarty Motor Co. She did not pay the $200.00 in cash and give the old Studebaker to the McCarty Motor Co. for the Buick coupe, she paid the $200.00 on a car to be chosen by her out of the many that the McCarty Motor Co. had. If Mrs. Fisher had kept the car out more than five days, it was understood between them that it would be considered a sale and the car would have been hers. Mrs. Fisher did not return the car. It was burned up; she could not return it, but the McCarty Motor Co., after it was burned, got what was left of it and sold it to the junk man for $10.00."

It appears, therefore, that the McCarty Motor Company had Mrs. Fisher's car and her $200 at the time it collected the insurance from the plaintiff and also the $10 realized at the junk sale of the car in controversy, and, so far as the record discloses, that is at this time the status of the matter.

"A very common form of contract is that known as 'sale or return,' by which property is sold, but is liable to be returned, to the seller at the option of the buyer. In this class of cases the transaction vests title immediately in the buyer, who has the privilege of rescinding the same, and until this is exercised, the title remains in him. In such cases the property in the goods passes to the buyer, the price is fixed at the time of the sale and delivery, the buyer deals with the goods as his own, disposes of them as he pleases, for cash or on credit, is under no obligation to give any account of his disposition of them, and is only liable to pay for them at a price fixed beforehand, without any reference to the price at which he sells them. * * *" 24 R. C. L. 425, § 720.

"This class of transaction is essentially different and is not to be confused with a delivery of property to one with a mere privilege or option to purchase. In one case the title will not pass until the option is determined; in the other the property passes at once, subject to the right to rescind and return." Id., § 721.

In 55 C. J., 483, § 470, the rule is laid down as follows: "A contract, which provides that the buyer may return to the seller all of the goods that remain on hand at a stated time, or which gives the buyer the option to retain the goods and pay the price or return them, if he does not like them or they prove unsatisfactory, is a contract of sale or return, the right of purchase or return in such case resting entirely on the option of the buyer rather than on the character or quality of the goods. Such a contract is a sale upon a condition subsequent, under which the title passes to the buyer at once, subject only to be defeated by the performance of the condition subsequent, as distinguished from a sale on trial or approval, which is in the nature of an option to purchase if the goods are satisfactory, the approval of the buyer being a condition precedent. Consequently, if by the terms of the contract payment of the price is made a condition precedent to the passing of the property, the contract is not one of sale or return. A sale or return is also to be distinguished from a bailment, in that the buyer, under a sale or return contract, is under no absolute obligation to return the identical thing, but may, at his option, pay the price."

Sustaining this holding, we cite Dearborn v. Turner, 16 Me. 17, 33 Am. Dec. 630; McKinney v. Bradlee, 117 Mass. 322; First National Bank v. Fuller (Tex. Civ. App.) 191 S. W. 830; Monticello State Bank v. Killian, 127 Ark. 410, 192 S. W. 369; Key v. Brown, 67 Tex. 300, 3 S. W. 443.

We therefore reverse the trial court's judgment in favor of the defendant McCarty Motor Company, and here render judgment in favor of the plaintiff, Concordia Fire Insurance Company of Milwaukee, against the defendant McCarty Motor Company, for the sum of $382.50, with interest thereon from the 2d day of August, 1930, at the rate of 6 per cent. per annum and all costs of this court and of the trial court. It is further ordered by this court that the trial court's judgment as to the defendant Mrs. B. Fisher be, and the same is, affirmed.