## BOODY et al. v. STAR FURNITURE CO.
### No. 2609.

Court of Civil Appeals of Texas. El Paso.
Dec. 31, 1931.

W. H. Graham, of Houston, for appellants.
Fred W. Moore, of Houston, for appellee.

WALTHALL, J.

On February 6, 1929, appellee, Star Furniture Company, a corporation, sold and delivered to appellant R. E. Boody certain articles of household goods, and, to secure the payment of an unpaid balance of the purchase price for the goods, the furniture company received from Boody a chattel mortgage on the goods sold. The instrument, after reciting the amount Boody owes and agrees to pay for the goods purchased, recites: "It is understood and agreed that the Star Furniture Co. owns this property absolutely and the title remains in them until $391.90 is paid in full with interest (stated) on all deferred payments after which this contract is a bill of sale therefor."

At the time of this suit the unpaid balance, due and payable, was $203. On February 16,

1929, the chattel mortgage was duly filed for record. On March 1, 1930, appellant E. B. Barnett purchased from Boody certain articles of the goods included in and covered by the chattel mortgage, and, without actual notice of the chattel mortgage or lien, paid to Boody a valuable consideration therefor. At the time Barnett purchased he took possession of the goods purchased, and had possession at the time of this suit. At the time Barnett purchased the goods, he made no examination of the chattel mortgage records to ascertain whether there was a chattel mortgage lien on said property.

The case was tried without a jury. The court found the facts substantially as above stated.

The court in the judgment stated Boody's indebtedness to be $203, and ordered a foreclosure of appellee's chattel mortgage lien as against both appellants on all of the property included in the chattel mortgage for the purpose of satisfying said indebtedness and costs.

There are some of the goods mentioned in the mortgage which Barnett did not purchase of Boody.

### Opinion.

The statement of facts embraces (1) the chattel mortgage, including the several items of goods sold by the Star Furniture Company to Boody; (2) "that there is now due and unpaid on said obligation the sum of $203.00"; (3) that on March 1, 1930, Barnett purchased of Boody the items of the goods stated "of the property described in the above named mortgage"; (4) that "he paid value therefor, and did not have any actual notice of the plaintiff's mortgage above set forth, and in making such purchase he acted in good faith, but he did not examine the records at the court house to ascertain whether there were any liens on said property."

Then follows a statement to the effect that "it is agreed by and between the attorneys for plaintiff and the defendants in this case that the above and foregoing three pages including this page contain a full, true and correct statement of all of the facts admitted upon the trial of this cause, and that this statement shall be filed as the statement of facts in this case." The statement is signed by the attorneys of record. The trial judge attaches thereto a statement to the effect that, the attorneys having agreed as above, he, as judge presiding, approves the same, and orders same filed as the statement of facts in this cause.

Appellant submits the following: That, Barnett having paid value for the goods he purchased of Boody, and not having any actual notice of appellee's mortgage, and having acted in good faith, it was error to render judgment foreclosing the mortgage lien as to Barnett; that the burden rested on appellee to show that on February 6, 1929, the date of the sale of the goods to Boody, appellee was the owner of the goods, and that, there being no evidence in the record showing such ownership, the judgment of foreclosure was error as to both Boody and Barnett; that, there being no pleading that Boody obligated himself to pay appellee any sum of money for the goods, and no prayer asking judgment for any specified sum, there was no basis for a finding or for evidence that Boody owed appellee $203, and it was error for the court to establish said amount as Boody's indebtedness, upon which the foreclosure was had.

The petition alleges the purchase by Boody from appellee of the several articles of goods described, stating the value of each item; the execution of the chattel mortgage alleged to create and establish a lien on the property in favor of appellee to secure the said indebtedness and states its registration; that subsequent to the execution and registration of the chattel mortgage Boody sold to Barnett certain articles of said goods indicating same; alleges that, at the time Barnett purchased from Boody, he had full notice and knowledge of appellee's lien; states the value of the property purchased by Barnett from Boody to be reasonably worth $203, and prays that it have judgment for the amount of its debt and foreclosure of its lien.

Boody answered by general denial.

Barnett answered by general denial, and specially admits his purchase from Boody of certain articles of the goods; denies that appellee has a lien on the property, and that, if he took or retained a lien, the instrument was not forthwith filed as required by law so as to charge him with notice either actual or constructive.

Appellee's petition is sufficient, we think, in the absence of any demurrer or exception to it, to sustain the judgment rendered, if the facts alleged are sufficiently made to appear.

The case was submitted upon an agreed statement of facts.

The chattel mortgage, being admitted as to both parties and agreed to, is sufficient by its verbiage to show ownership of the goods to be in appellee at the time of its execution and at all times until full payment was made of the indebtedness therein admitted, and the parties admitted that $203 of the indebtedness was due and unpaid at the time of the trial.

We think only one question is presented that requires our consideration, viz: The chattel mortgage was duly filed for record ten days after its execution. Appellant purchased the property more than a year after the instrument was filed for record. To

be a valid lien against a subsequent purchaser, in good faith, the instrument must have been forthwith deposited with, and filed in the office of, the county clerk of Harris county.

The instrument was valid as against Boody whether registered or not. Self Motor Co. v. First State Bank of Browell (Tex. Civ. App.) 226 S. W. 428, and cases cited.

Our chattel mortgage statute, article 5490, provides that every instrument, such as the one in this case, shall be absolutely void as against subsequent purchasers in good faith, unless such instrument shall be forthwith deposited with and filed in the office of the county clerk of the county where property shall then be situated.

The verbiage of our present statute is slightly changed from the former corresponding statute, but, as said by Judge Ryan in Lindig v. Johnson City State Bank (Tex. Com. App.) 41 S.W.(2d) 222, 224, the former articles are substantially equivalent to the present article 5490, and have the same meaning.

We need not discuss the question as to whether the filing of the chattel mortgage ten days after its execution was a compliance with the statute, since our courts have uni formly held that a mere omission to deposit and file the instrument "forthwith" will not impair the effect of the registration as to persons acquiring rights in the mortgaged property at a date subsequent to the registration, and that the instrument when deposited and filed becomes valid and effective against all except those whose rights have attached previous to such registration. Vickers v. Carnahan et al., 4 Tex. Civ. App. 305, 23 S. W. 338; Brinberry v. White (Tex. Civ. App.) 167 S. W. 205; Stinson v. Sneed (Tex. Civ. App.) 163 S. W. 989; Stewart & Alexander Lumber Co. v. Miller .& Vidor Lumber Co. et al. (Tex. Civ. App.) 144 S. W. 343. Finding no reversible error, the case is affirmed.